**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X          06 CV 0181 (NG)(CLP)
**ABDULLAH ALHUMOZ,**

                **Petitioner,**

   **-against-**          <u>**ORDER**</u>

**UNITED STATES OF AMERICA,**

                **Respondent.**
-----------------------------------------------------------X

**GERSHON, United States District Judge:**

      Petitioner Abdullah Alhumoz seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255.

For the reasons set forth below, his petition is denied as untimely.


## BACKGROUND

      Following a jury trial, petitioner was convicted in this court of conspiring to commit bank

and credit card fraud in violation of 18 U.S.C. § 371 and was sentenced principally to 60 months in

prison.  On direct appeal to the United States Court of Appeals for the Second Circuit, petitioner

argued that his conviction was constitutionally infirm because he was provided ineffective assistance

of counsel.  He also challenged the application of two enhancements to his sentence.  The Court of

Appeals declined to address the ineffective assistance of counsel claim.  Quoting *Massaro v. United*

*States*, 538 U.S. 500, 505-505 (2003), the court explained that "in most cases a motion brought under

§ 2255 is preferable to direct appeal for deciding claims of ineffective-assistance" of counsel because

the district court is "the forum best suited to developing the facts necessary to determining the

adequacy of representation during an entire trial."  *United States v. Khedr*, 343 F.3d 96, 100 (2d Cir.

2003).  It remanded the case to this court for resentencing on the ground that one of the

enhancements challenged by petitioner should not have been applied. *Id*. at 105. On December 10, 2003, I resentenced petitioner principally to 57 months in prison. Judgment was entered on December 18, 2003, and no subsequent appeal was taken.

By petition dated December 23, 2005, petitioner commenced the instant action for a writ of habeas corpus claiming ineffective assistance of both trial counsel and sentencing/appellate counsel. The government filed opposition to the petition on April 13, 2006. Petitioner has neither filed a reply nor sought an extension of time to do so.

## DISCUSSION

Following the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214 (1996), a petition for a writ of habeas corpus seeking relief from a federal conviction is subject to a one year limitations period. The limitations period begins to run from the latest of the following dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.

Here, the judgment of conviction entered against petitioner became final on January 6, 2004, the day on which his time for filing a notice of appeal expired. *See* Fed. Rule. App. P. 4(b); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). Petitioner contends that he did not discover the facts supporting his claims until January 25, 2005 and that that was the earliest date that the facts

could have been discovered through the exercise of due diligence. Petitioner does not specify, however, what facts he discovered on January 25, 2005. Petitioner argues that his trial and sentencing/appellate counsel were ineffective on the following grounds: (1) his trial counsel failed to advise him to plead guilty despite the overwhelming evidence against him; (2) his trial counsel's cross-examination of a key government witness was inadequate; (3) his sentencing/appellate counsel failed to demand a *Fatico* hearing prior to sentencing; (4) his sentencing/appellate counsel did not challenge petitioner's indictment on appeal; and (5) his sentencing/appellate counsel failed to convince the Court of Appeals that his trial counsel had been ineffective. All of the facts that he cites in support of his claims appear on the records of the criminal and appellate proceedings or would otherwise have been known to petitioner at the time that they occurred. Thus, the facts supporting the claims in the petition could have been discovered through the exercise of due diligence before petitioner's conviction became final. As a result, the limitations period began to run on the day that petitioner's conviction became final, January 6, 2004, and expired one year later on January 5, 2005. The instant petition is dated December 23, 2005, well after the limitations period expired.

In sum, petitioner's application for a writ of habeas corpus is time-barred. The petition is therefore denied.

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is denied as untimely. Because jurists of reason would not find this procedural ruling debatable, a certificate of appealability is denied. *See Moshier*, 402 F.3d at 117-18. Pursuant to 28 U.S.C. § 1915(a)(3), the court certifies that any appeal taken from this order would not be in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal. The Clerk of Court is directed to enter

judgment for the government and to close this case.

**SO ORDERED.**

_____/S/_____
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
      July 21, 2006